JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Spiegel, Elizabeth

**DEFENDANTS** Pentheny, Mark A. (Police Officer), Cortazzo, Christoper A. (Police Officer), Smith, Darrin C. (Police Officer), Hogan, David D. (Police Officer), cont'd on attached sheet

**(b)** County of Residence of First Listed Plaintiff     Berks
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant     Berks
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Donald J. Feinberg, J.D., LL.M.
Feinberg & Silva, 2000 Market St.,
Suite 1805, Phila., PA 19103

Attorneys (If Known)

Unknown

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1331

Brief description of cause:
42 U.S.C. - §1983 - Unreasonable Force/Seizure

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
$1,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**   None.

(See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE

8 Sept. 2 2008

SIGNATURE OF ATTORNEY OF RECORD

Donald J Feinberg

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## ATTACHED SHEET TO CIVIL COVER SHEET

Martinez, Jose R. (Police Officer),
Muczynski, Justin (Police Officer),
Hackney, Mark S. (Police Officer),
Bowers, Robert W. (Police Officer) and
Perkins, Michael P. (Police Officer)

**APPENDIX I**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Elizabeth Spiegel                              :        CIVIL ACTION
                                               :
                                               :
                          **v.**               :
Mark A. Pentheny, Christopher A. Cortazzo,     :
Darrin C. Smith, David D. Hogan, Jose R.       :
Martinez, Justin Muczynski, Mark S. Hackney,   :        NO.
Robert W. Bowers and Michael P. Perkins

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X )


Sept. 2 2008 _____          Donald J. Feinberg, J.D., LL.M. _____

**Date**                              **Attorney-at-law**                **Attorney for** Plaintiff

215-665-8989 x.17. _____            215-665-0250 _____        DJFLAW94@COMCAST.NET _____

**Telephone**                         **FAX Number**                     **E-Mail Address**


(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:  3449 Earl Street, Laureldale, Pennsylvania  19605

Address of Defendant:  Reading Police Department, City Hall, 815 Washington Street, Reading, Pennsylvania  19601

Place of Accident, Incident or Transaction:  1625 Perkiomen Avenue, Reading, Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No**X**

Does this case involve multidistrict litigation possibilities?     Yes☐  No**X**

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
     Yes☐  No**X**

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
     Yes☐  No**X**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
     Yes☐  No**X**

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
     Yes☐  No**X**

CIVIL: (Place _ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. X Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
     (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
     (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Donald J. Feinberg, J.D., LL.M. _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: Sept 2, 2008     Donald J. Feinberg, J.D., LL.M.     72791
     Attorney-at-Law     Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: Sept. 2, 2008     Donald J. Feinberg, J.D., LL.M.     72791
     Attorney-at-Law     Attorney I.D.#

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**ELIZABETH SPIEGEL**                    :
3449 Earl Street                         :
Laureldale, Pennsylvania  19605          :
                      Plaintiff    :
                                  :
                 v.           :
                                  :
**MARK A. PENTHENY**                      :
Reading Police Department                :
City Hall                                :
815 Washington Street                    :
Reading, Pennsylvania  19601             :
              and          :
**CHRISTOPHER A. CORTAZZO**               :
Reading Police Department                :
City Hall                                :
815 Washington Street                    :
Reading, Pennsylvania  19601             :
              and          :          Number:
**DARRIN C. SMITH**                       :
Reading Police Department                :
City Hall                                :
815 Washington Street                    :
Reading, Pennsylvania  19601             :
              and          :
**DAVID D. HOGAN**                        :
Reading Police Department                :
City Hall                                :
815 Washington Street                    :
Reading, Pennsylvania  19601             :
              and          :
**JOSE R. MARTINEZ**                      :
Reading Police Department                :
City Hall                                :
815 Washington Street                    :
Reading, Pennsylvania  19601             :
              and          :

1

**JUSTIN MUCZYNSKI**                        :
Reading Police Department                   :
City Hall                                   :
815 Washington Street                       :
Reading, Pennsylvania  19601                :
       and                                    :
**MARK S. HACKNEY**                         :
Reading Police Department                   :
City Hall                                   :
815 Washington Street                       :
Reading, Pennsylvania  19601                :
       and                                    :
**ROBERT W. BOWERS**                        :
Reading Police Department                   :
City Hall                                   :
815 Washington Street                       :
Reading, Pennsylvania  19601                :
       and                                    :
**MICHAEL P. PERKINS**                      :
Reading Police Department                   :
City Hall                                   :
815 Washington Street                       :
Reading, Pennsylvania  19601                :
       Defendants    :        **<u>JURY TRIAL DEMANDED</u>**

2

## COMPLAINT - CIVIL ACTION (42 U.S.C. § 1983)

### *INTRODUCTORY STATEMENT*

1.      This is an action for damages sustained by a white, female citizen of the United States against police personnel of the Reading Police Department who utilized excessive, unreasonable and unnecessary force against her while searching for two black males.

### *JURISDICTION*

2.      The jurisdiction of this Court is predicated on 28 U.S.C. §§ 1331, 1343, and 1367.

3.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Constitution of the United States of America (First and Fourteenth Amendments) and 18 U.S.C § 922.

### *PARTIES*

4.      Plaintiff Elizabeth Spiegel is a white female and is a citizen and resident of the Commonwealth of Pennsylvania residing therein at 3449 Earl Street, Laureldale, Pennsylvania 19605.

5.      Defendant Mark A. Pentheny is a police officer, employed by the Reading Police Department to perform police duties, some of which include protecting and serving the public, within the City of Reading.

6.      Defendant Christopher A. Cortazzo is a police officer, employed by the Reading Police Department to perform police duties, some of which include protecting

and serving the public, within the City of Reading.

7.      Defendant Darrin C. Smith is a police officer, employed by the Reading Police Department to perform police duties, some of which include protecting and serving the public, within the City of Reading.

8.      Defendant David D. Hogan is a police officer, employed by the Reading Police Department to perform police duties, some of which include protecting and serving the public, within the City of Reading.

9.      Defendant Jose R. Martinez is a police officer, employed by the Reading Police Department to perform police duties, some of which include protecting and serving the public, within the City of Reading.

10.      Defendant Justin Muczynski is a police officer, employed by the Reading Police Department to perform police duties, some of which include protecting and serving the public, within the City of Reading.

11.      Defendant Mark S. Hackney is a police officer, employed by the Reading Police Department to perform police duties, some of which include protecting and serving the public, within the City of Reading.

12.      Defendant Robert W. Bowers is a police officer, employed by the Reading Police Department to perform police duties, some of which include protecting and serving the public, within the City of Reading.

13.      Defendant Michael P. Perkins is a police officer, employed by the Reading Police Department to perform police duties, some of which include protecting and serving

the public, within the City of Reading.

14.     At all times relevant hereto, defendant, Mark A. Pentheny, was acting in such capacity as the agent, ostensible agent, servant and employee of the City of Reading and the Reading Police Department and was acting under color of law and pursuant to his authority as a police officer.  He is sued individually and in his official capacity.

15.     At all times relevant hereto, defendant, Christopher A. Cortazzo, was acting in such capacity as the agent, ostensible agent, servant and employee of the City of Reading and the Reading Police Department and was acting under color of law and pursuant to his authority as a police officer.  He is sued individually and in his official capacity.

16.     At all times relevant hereto, defendant, Darrin C. Smith, was acting in such capacity as the agent, ostensible agent, servant and employee of the City of Reading and the Reading Police Department and was acting under color of law and pursuant to his authority as a police officer.  He is sued individually and in his official capacity.

17.     At all times relevant hereto, defendant, David D. Hogan, was acting in such capacity as the agent, ostensible agent, servant and employee of the City of Reading and the Reading Police Department and was acting under color of law and pursuant to his authority as a police officer.  He is sued individually and in his official capacity.

18.     At all times relevant hereto, defendant, Jose R. Martinez, was acting in such capacity as the agent, ostensible agent, servant and employee of the City of Reading and

the Reading Police Department and was acting under color of law and pursuant to his authority as a police officer.  He is sued individually and in his official capacity.

19.     At all times relevant hereto, defendant, Justin Muczynski, was acting in such capacity as the agent, ostensible agent, servant and employee of the City of Reading and the Reading Police Department and was acting under color of law and pursuant to his authority as a police officer.  He is sued individually and in his official capacity.

20.     At all times relevant hereto, defendant, Mark S. Hackney, was acting in such capacity as the agent, ostensible agent, servant and employee of the City of Reading and the Reading Police Department and was acting under color of law and pursuant to his authority as a police officer.  He is sued individually and in his official capacity.

21.     At all times relevant hereto, defendant, Robert W. Bowers, was acting in such capacity as the agent, ostensible agent, servant and employee of the City of Reading and the Reading Police Department and was acting under color of law and pursuant to his authority as a police officer.  He is sued individually and in his official capacity.

22.     At all times relevant hereto, defendant, Michael P. Perkins, was acting in such capacity as the agent, ostensible agent, servant and employee of the City of Reading and the Reading Police Department and was acting under color of law and pursuant to his authority as a police officer.  He is sued individually and in his official

capacity.

### *FACTUAL ALLEGATIONS*

23.     Upon information and belief, on or about September 26, 2006, at or about 18:41 hours, Defendants responded to a call that two black males were in the rear of 1625 Perkiomen Avenue, Reading, Pennsylvania and were trying to break into that location.

24.     At all relevant times hereto, Plaintiff Elizabeth Spiegel's daughter, Janel Spiegel, owned the property situated on 1625 Perkiomen Avenue, Reading, Pennsylvania.

25.     Plaintiff Elizabeth Spiegel occupied the premises at 1625 Perkiomen Avenue, Reading, Pennsylvania through May, 2006.

26.     Defendants, looking for two black males trying to break into 1625 Perkiomen Avenue, Reading, Pennsylvania, encountered Plaintiff, the lawful occupant at said premises on the porch adjoining said premises.

27.     Defendants with their guns drawn and pointing at Plaintiff ordered Plaintiff to get down on her knees, to which Plaintiff responded that she recently underwent bilateral knee replacements.

28.     Plaintiff Elizabeth Spiegel has obvious scars on her knees.

29.     Defendants, knowing Plaintiff had recent bilateral knee replacements and knowing she was unable to drop to her knees, ordered Plaintiff to drop to her knees or be shot by Defendants.

30.    Plaintiff Elizabeth Spiegel, fearful of being shot, dropped to her knees.

31.    After Plaintiff dropped to her knees, Defendants handcuffed Plaintiff, then proceeded to place feet and knees on Plaintiff's back.

32.    Plaintiff Elizabeth Spiegel remained handcuffed on the ground for approximately twenty (20) minutes.

33.    Defendants, without permission, searched the premises at 1625 Perkiomen Avenue, Reading, Pennsylvania.

34.    Defendants, without permission, searched Plaintiff's purse which was located inside the premises of 1625 Perkiomen Avenue, Reading, Pennsylvania.

35.    Defendants never found the two black makes they were looking for.

36.    Defendant never arrested Plaintiff or charged her with the violation of any crime.

37.    As a result of the misconduct hereinbefore described and the following Counts, Plaintiff Elizabeth Spiegel, sustained injury to her knees, their bones, cells, muscles, nerves, tissues and functions; injury to her hips, their bones, cells, muscles, nerves, tissues and functions; injury to her left foot, its bones, cells, muscles, nerves, tissues and functions, including but not limited to a torn Achilles tendon; injury to her shoulders, their bones, cells, muscles, nerves, tissues and functions; scarring; embarrassment and humiliation, some or all of which Plaintiff has been advised may be permanent in nature.

38.    As a result of the misconduct hereinbefore described and the following

Counts, Plaintiff Elizabeth Spiegel has suffered emotional distress and may continue to suffer such emotional distress, including but not limited to headaches, anxiety, nervousness, nightmares, fears, etc.., for an indefinite time in the future to her great detriment and loss.

### COUNT - 1
### FEDERAL CAUSES OF ACTION

39.      Plaintiff incorporates the preceding allegations herein, as through more fully set forth herein at length.

40.      Defendants, based upon the above conduct, engaged in under color of law, deprived Plaintiff Elizabeth Spiegel of rights secured to her by the Constitution of the United States and the Amendments to the Constitution of the United States, including:

(a)      The First/Fourteenth Amendment right to freedom of expression;

(b)      The Fourth/Fourteenth Amendment rights to be free from unlawful searches and seizes of her person and property;

(c)      The Fourth/Fourteenth Amendment right to be free from excessive, unnecessary and/or unreasonable use of force to her body and person;

(d)      The Fourteenth Amendment right to be free of deprivation of liberty without due process of law; and

(e)      The Eighth/Fourteenth Amendment right to be free from cruel and unusual punishment.

**WHEREFORE**, Plaintiff Elizabeth Spiegel, demands the following relief, individually, jointly and/or severally against all Defendants:

A.      Compensatory damages;

7

B.    Punitive damages;

C.    Attorney fees pursuant to 42 U.S.C. § 1988; and

D.    Such other and further relief as this Court may deem appropriate under the circumstances.

**COUNT - 2**
**PENDENT STATE CAUSES OF ACTION**

41.    Plaintiff incorporates the preceding allegations herein, as through more fully set forth herein at length.

42.    Defendants, based upon the above conduct, engaged in under color of law, deprived Plaintiff Elizabeth Spiegel of rights secured to her by the Constitution of the Commonwealth of Pennsylvania, including

(a)    Article 1 Section 8 rights to be free from unlawful searches and seizures of her person and property;

(b)    Article 1 Section 8 right to be free from excessive, unnecessary and/or unreasonable use of force to her body and person; and

(c)    Article 1 Section 1 rights to freedom of liberty and of pursuing happiness.

43.    Plaintiff Elizabeth Spiegel based upon Defendants' conduct as set forth above, claims damages for battery, assault and false imprisonment.

44.    Plaintiff Elizabeth Spiegel based upon Defendants' conduct as set forth above claim damages based on Defendants' intentional infliction of emotional distress and/or negligent infliction of emotional distress causing physical symptomatology.

**WHEREFORE**, Plaintiff Elizabeth Speigel demands the following relief, jointly and

severally against all Defendants:

       A.      Compensatory damages;

       B.      Punitive damages;

       C.      Attorney fees pursuant to 42 U.S.C. § 1988; and

       D.      Such other and further relief as this Court may deem appropriate under the circumstances.

                  Respectfully Submitted,

                  FEINBERG & SILVA

                  BY:_____

                     DONALD J. FEINBERG, J.D., LL.M.
                     Identification Number:  72791
                     2000 Market Street, Suite 1805
                     Philadelphia, Pennsylvania 19103
                     Attorney for Plaintiff
                     Phone: (215) 665-8989  x. 17
                     Fax: (215) 665-0250
                     E-mail: DJFLAW94@COMCAST.NET